Court of Common Pleas, Allen County, Lima, Ohio
Courthouse, Lima, Ohio 45801
FAX (419) 222-8427

## S U M M O N S   O N   C O M P L A I N T
Rule 4 1970 Ohio Rules of Civil Procedure

Case No.  CV 2015 0735

HONORABLE  JEFFREY L REED

| Name | | Address |
|---|---|---|
| MARY HOLLY | | 1303 S MAIN ST |
| | | LIMA, OH 45804 |

Plaintiff(s)

-VS-

| Name | Address |
|---|---|
| WALMART REAL ESTATE BUSINESS TRUST | C/O CT CORPORATION SYSTEM |
| | CLEVELAND, OH 44114 |
| WALMART CORPORATE OFFICE | 702 SW 8TH ST |
| | BENTONVILLE, AR 72716 |
| WAL-MART STORES EAST LP | C/O CT CORPORATION SYSTEM |
| | CLEVELAND, OH 44114 |
| JOHN DOE NUMBERS ONE TWO AND THREE | ADDRESSES UNKNOWN |

Defendant(s)

To the above named defendant(s);  (See attached complaint for additional parties)

You are hereby summoned that a complaint (a copy of which is hereto attached and made part hereof) has been filed against you in this court by the plaintiff(s) named herein.  Including the following documents:

You are required to serve upon the plaintiff('s) attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with the court within three days after service on plaintiff('s) attorney.

The name and address of the plaintiff('s) attorney is as follows:

DREW R MASSE
3516 GRANITE CIRCLE
TOLEDO, OH 43617

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

MARGIE J MURPHY MILLER
Allen County Clerk of Courts

Date:  December 21, 2015

Darlene Garin                    Deputy

COMMON PLEAS COURT
FILED

2015 DEC 18  AM 9: 23

MARGIE MURPHY MILLER
CLERK OF COURTS
ALLEN COUNTY, OHIO

### IN THE COMMON PLEAS COURT OF ALLEN COUNTY, OHIO

| | |
|---|---|
| **MARY HOLLY** <br> 1303 South Main Street <br> Lima, OH 45804 <br><br> Plaintiff, <br><br> vs. <br><br> **WALMART REAL ESTATE BUSINESS TRUST** <br> c/o CT Corporation System <br> 1300 E. 9th St. <br> Cleveland, OH 44114 <br><br> and, <br><br> **WALMART CORPORATE OFFICE** <br> 702 SW 8th Street <br> Bentonville, AR 72716-8611 <br><br> and, <br><br> **WAL-MART STORES EAST, LP** <br> c/o CT Corporation System <br> 1300 E. 9th St. <br> Cleveland, OH 44114 <br><br> and, <br><br> **JOHN DOE NUMBERS ONE, TWO, AND THREE,** whose present names and addresses remain unknown <br><br> Defendants. | Case No. CV2015    0735 <br><br> Judge **REED** <br><br> **COMPLAINT WITH JURY DEMAND ENDORSED HEREON WITH ATTACHED DISCOVERY** <br><br> **Drew R. Masse´ (#0006665)** <br> **Aaron L. Kovacs (#0092279)** <br> **GALLON, TAKACS, BOISSONEAULT & SCHAFFER CO., L.P.A.** <br> piattys@gallonlaw.com <br> 3516 Granite Circle <br> Toledo, OH 43617 <br> (419) 843-2001 <br> (419) 841-2608 fax <br> Attorneys for Plaintiffs |

Now come Plaintiffs, by and through counsel, Drew R. Masse´, Esq., Aaron L. Kovacs, Esq., and Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A., and for their Complaint state and aver the following.

## GENERAL ALLEGATIONS

1.  At all relevant times, Plaintiff Mary Holly resided in Lima, Allen County, Ohio.

2.  At all relevant times, Defendant Walmart Real Estate Business Trust, an Ohio Corporation and/or John Doe Number One and/or Walmart Corporate and/or John Doe Number Two and/or Wal-Mart Stores East, LP and/or John Doe Number Three (hereinafter collectively "Walmart") owned, operated, controlled, leased, managed and/or maintained and/or retained the duty to keep the property located at 2400 Harding Highway, Lima, Allen County, Ohio safe for invitees.  Any reference to Defendants Walmart and/or John Doe Number One through Three will include references to the owners, agents, lessors, lessees, servants, and/or employees who, at all pertinent times thereto, were acting within the course and scope of their employment.

3.  On or about June 24, 2014, Plaintiff Mary Holly was lawfully on the premises owned or operated or maintained by Defendants Walmart and/or John Doe Number One through Three.

4.  At the same time and location, Plaintiff Mary Holly was in the process of leaving the produce department and walking into the meat department.

5.  At the same time and location, the floor in that area of the store had spilled and

LAW OFFICES OF
LLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.
THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

2

smashed blueberries on the floor and had not been properly cleaned-up and/or cordoned off in order to protect invitees like Plaintiff Mary Holly.

6. At the same time and location, without warning to invitees such as Plaintiff Mary Holly or reasonable removal of the blueberries, Plaintiff slipped and fell on the blueberries and the wet surface, causing her to fall on her left shoulder and suffer permanent and severe injuries and damages.

7. There were no "wet floor" signs to give warning to Plaintiff Mary Holly of the approaching hazard and several witnesses have corroborated that no such signs were within the vicinity.

8. Upon information and belief, a female employee of Defendants Walmart and/or John Doe Number One through Three admitted that she had been cleaning the floor in the produce department but did not realize the blueberries had rolled into the meat department and needed to be cleaned up as well.

9. Plaintiff Mary Holly was unaware that the floor had blueberries on it and was wet until she was on the ground.

10. Plaintiff Mary Holly could not have been aware of the blueberries on the floor and the wet floor before the incident and, in spite of taking reasonable care during the shopping trip, could not have avoided the incident.

## COUNT ONE

11. Plaintiffs re-allege and incorporate by reference the above paragraphs as if the same were fully set forth hereon.

Law Offices Of
.LON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.
'HE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

3

12. At all relevant times, a property owner/lessee/operator owes a duty to a business invitee to exercise ordinary care and to protect business invitees by maintaining the premises in a safe condition, including, *inter alia*, the duty to exercise ordinary care when cleaning up and/or removing spilled substances and/or mopping the aisle floors.

13. On or about June 24, 2014, Defendants Walmart and/or John Doe Number One through Three, as owner/lessee/operator of the property located at 2400 Harding Highway, Lima, Allen County, Ohio, breached its duty to exercise reasonable care to Plaintiff Mary Holly in ways which include, but are no way limited to:

    a. By violating the duty to keep the premises safe for use by business invitees;

    b. By carelessly and/or negligently allowing a dangerous condition, a wet floor, to exist on a floor traversed by invitees when the substance was not open and obvious on the premises.

    c. By authorizing and/or creating and/or maintaining and/or suffering to exist a nuisance, a wet floor, on the premises which was negligently allowed to continue;

    d. By failing to warn Plaintiff Mary Holly of the dangerous and/or unsafe and/or defective condition of the premises of which it was aware, or in the exercise of reasonable care should have been aware, and of which Plaintiff was unaware; and,

    e. By knowingly authorizing and/or creating and/or maintaining and/or suffering to exist a walking surface that was wet.

14. As a direct and proximate result of Defendants Walmart and/or John Doe Number

Law Offices Of
.LON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.
HE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

One through Three's negligence, Plaintiff Mary Holly suffered severe and permanent injuries and damages, including, but not limited to:

a. Injuries to her left shoulder, left arm, and left leg;
b. Medical expenses, past and future, including surgery;
c. Pain and suffering, past and future; and,
d. Loss of enjoyment of life, past and future.

**WHEREFORE,** Plaintiffs respectfully pray for judgment on the above mentioned Counts against Defendants in a sum of money in excess of Twenty-Five Thousand Dollars and No Cents ($25,000.00), plus costs and expenses incurred hereon, prejudgment interest at the highest statutory rate allowed from the time that Plaintiffs' cause of action accrued, court costs, and such other relief as the Court deems just and equitable.

Respectfully submitted,

**GALLON, TAKACS, BOISSONEAULT & SCHAFFER CO., L.P.A.**

By: _____
Drew R. Masse'
Aaron L. Kovacs
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable in this action.

Law Offices Of
LLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.
THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43517-1172

5

Respectfully submitted,

**GALLON, TAKACS, BOISSONEAULT**
**& SCHAFFER CO., L.P.A.**

By: _____
Drew R. Masse
Aaron L. Kovacs
Attorneys for Plaintiffs

Law Offices Of
.LON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.
HE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

6

## IN THE COMMON PLEAS COURT OF ALLEN COUNTY, OHIO

**MARY HOLLY**                    *        Case No.
1303 South Main Street
Lima, OH 45804                    *        Judge

      Plaintiff,            *        <u>PRAECIPE TO THE CLERK</u>

vs.                               *        Drew R. Masse´ (#0006665)
                                           Aaron L. Kovacs (#0092279)
**WALMART REAL ESTATE**           *        **GALLON, TAKACS, BOISSONEAULT**
**BUSINESS TRUST**                         **& SCHAFFER CO., L.P.A.**
c/o CT Corporation System         *        piattys@gallonlaw.com
1300 E. 9th St.                  3516 Granite Circle
Cleveland, OH 44114               *        Toledo, OH 43617
                                           (419) 843-2001
and,                              *        (419) 841-2608 fax
                                           Attorneys for Plaintiffs
**WALMART CORPORATE OFFICE**      *
702 SW 8th Street
Bentonville, AR 72716-8611        *

and,                              *

**WAL-MART STORES EAST, LP**      *
c/o CT Corporation System
1300 E. 9th St.                  *
Cleveland, OH 44114
                                  *
and,
                                  *
**JOHN DOE NUMBERS ONE, TWO,**
**AND THREE,** whose present names and  *
addresses remain unknown
                                  *
      Defendants.

Law Offices Of
..LON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.
THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43817-1172

Please serve, by certified mail, return requested, a copy of Plaintiffs' Complaint and Jury Demand Endorsed Hereon upon Defendants at the addresses contained in the caption. Please do not serve John Doe Numbers One or Two at this time.

Respectfully submitted,

**GALLON, TAKACS, BOISSONEAULT & SCHAFFER CO., L.P.A.**

By: _____

Drew R. Masse´
Aaron L. Kovacs
Attorneys for Plaintiffs

Law Offices Of
.LON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.
HE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

8

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS DIRECTED TO DEFENDANT WALMART REAL ESTATE BUSINESS TRUST

Now come Plaintiffs, by and through counsel, Drew R. Masse´, Esq., Aaron L. Kovacs, Esq., and Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A., and pursuant to Ohio Civil Rules 26, 33, 34, and 36, Plaintiffs respectfully request that Defendant Walmart Real Estate Trust, An Ohio Corporation (hereinafter referred to as "Walmart") respond to the following interrogatories, requests for production of documents, and requests for admissions within 28 days of service.

The following definitions apply to each of the following Interrogatories and Requests:

"Document" – Refers to any written, recorded, or graphic matter, however produced or reproduced, including, but not limited to, correspondence, telegrams, written communications, accident or investigative reports, contracts, agreements, notes, memoranda, reports, analyses, studies, work papers, diaries, daily records, calendars, lists, photographs, films, recording tapes, catalogs, or anything else reduced to a tangible medium.

"Identify or identity" – When used in reference to a document (as defined above), means to state and date and author, the general nature, and the type of document, and/or some other means of identifying the document, and the present location and custodian of the document. When used in reference to a person (as defined below), means the person's full name, address, and telephone number, along with their present business position and business address.

"Person or persons" – Means any individual, corporation, company, partnership, association, agency, governmental unit (whether federal, foreign, state, county, or local) or any other entity.

REGARDING THE INTERROGATORIES, after the answer to each of the following Interrogatories, identify separately, in a manner suitable for use as a description in a subpoena, all sources (whether documentary, human, or otherwise) and all records maintained by the Defendant and/or any other person or organization on which the Defendant relies in answering these Interrogatories, and/or any other information which pertains to or relates to the information called for in the Interrogatories.

Responses to one Interrogatory or part of an Interrogatory may be incorporated by reference in response to other Interrogatories or parts of Interrogatories.

If Defendant is unable to complete any response to these Interrogatories with the provided space, then the Defendant should continue their response on a blank page and append the continuation to these Interrogatories.

In lieu of identifying particular documents, Defendant may attach the documents to their responses to these Interrogatories.

REGARDING THE REQUESTS FOR PRODUCTION OF DOCUMENTS, please produce the certified copies of documents which Plaintiff request and that are in the possession and/or custody, and/or control of Defendant and/or Defendant's counsel for copying and/or inspection.

Receipt of the requested information on or before the date specified will constitute compliance with this request.

Reference to "you" or "your" in these Interrogatories and Requests refer to all defendants where appropriate and to only the driver of Defendant's vehicle, where appropriate.

These Interrogatories and Requests are continuing in nature, requiring the Defendant to file supplementary responses before trial.

**INTERROGATORY NO. 1:**  Please identify the full name, address, date of birth, and relationship to the Defendants for any person who responded to or provided information for these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**  Please acknowledge that Defendant Walmart owned, leased, controlled, operated, or managed a property located at 2400 Harding Highway, Lima, Ohio on June 24, 2014.

**ANSWER:**

**INTERROGATORY NO. 3:**  Please state the full name, address, and telephone number of each person and/or Walmart employee who, to your knowledge or that of your agents or attorneys, was present at the scene of the occurrence on June 24, 2014, either immediately before, and/or after, and/or during the occurrence.

**ANSWER:**

**INTERROGATORY NO. 4:**  Have you or any person acting on your behalf obtained any written or recorded statement from any person concerning the occurrence on June 24, 2014? If so, please state:

    a.  The identity of the person who gave the written or recorded statement;
    b.  The identity of the person who took the written or recorded statement;
    c.  The date on which it was taken;
    d.  Whether the statement was recorded or written;
    e.  Whether the statement was signed; and,
    f.  The present location of the statement, recording, or transcript.

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:** Please attach a copy of any statement referred to in the preceding interrogatory, and if you object to providing such statement, please state the basis of your objection.

**RESPONSE:**

**INTERROGATORY NO. 5:** Please state whether you, your agents, and/or attorneys possess or know of any photographs and/or video recordings depicting the occurrence itself on June 24, 2014, the scene of the occurrence, injuries of any party, or any other photograph and/or video depicting the subject of this claim.  If so, please describe the nature of such photograph and/or video, state the date and/or dates upon which the photographs and/or videos were taken, subjects thereof, and names and addresses of the person(s) in possession of either a print or a negative of the photographs and/or video.

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:** Please provide color copies of all photographs and/or videos referred to in the preceding interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 6:** Please state whether you, your agents, and/or attorneys possess or know of any video recordings depicting the occurrence itself on June 24, 2014, the scene of the occurrence, injuries of any party, or any other depicting the subject of this claim.  If so, please describe the nature of such video, state the date and/or dates upon which the videos were taken, subjects thereof, and names and addresses of the person(s) in possession of any video.

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:** Please provide a copy of any videos referred to in the preceding interrogatory.

**RESPONSE:**

3

**INTERROGATORY NO. 7:**  Have you or anyone on your behalf taken any movies, videos, photographs, or other pictures of Plaintiff Mary Holly since the June 24, 2014 occurrence?  If so, please state the following:

    a.  The date(s) upon which such movies, videos, photographs, or other pictures were taken;

    b.  The name and address of the person(s) taking such movies, photographs, or other pictures;

    c.  The time of day when said movies, videos, photographs or other pictures were taken; and,

    d.  A detailed description of the insured's activities at the time said movies, videos, photographs, or other pictures were taken.

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**  If movies, videos, photographs, or other pictures of Plaintiff Mary Holly have been taken since the date of the occurrence, please attach color copies of them to your answers to these interrogatories.

**RESPONSE:**

**INTERROGATORY NO. 8:**  Was there an investigation conducted other than by a police officer in his official capacity concerning the occurrence on June 24, 2014?  If so, please state:

    a.  The full name, address, and complete occupation of the person conducting such investigation;

    b.  The date on which such investigation was conducted; and,

    c.  The name and address of each person having present custody of any report or statement concerning such investigation.

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**  Please provide copies of all investigations referred to in the preceding interrogatory.

**RESPONSE:**

4

**INTERROGATORY NO. 9:**  Please state the names and addresses of each and every person whom you will, or may, call as a witness at trial, briefly summarizing what you expect his or her testimony to be.

**ANSWER:**

**INTERROGATORY NO. 10:**  If you contend that Plaintiff Mary Holly was negligent or comparatively negligent with respect to her own injuries, please state the following:

    a.  All facts known to you, your attorneys, or agents which support or corroborate such contentions;

    b.  The identity of each person who claims to know the contentions; and,

    c.  The identity of any custodian of any writing or report which supports these contentions.

**ANSWER:**

**INTERROGATORY NO. 11:**  Please provide the names of all insurance companies with whom you possessed a policy of insurance under which you were insured on June 24, 2014, including but not limited to:

    a.  Umbrella insurance;

    b.  Business insurance; or,

    c.  Excess insurance.

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**  Please provide a copy of the policies identified in the preceding interrogatory, and include all applicable declaration pages and all valid endorsements in effect at the time of the occurrence.

**RESPONSE:**

**INTERROGATORY NO. 12:**  Did this Defendant have written procedures or policies regarding inspection of the common areas of its stores as of June 24, 2014, specifically, the store at issue in this case?

5

**ANSWER:**


**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:** Please provide a copy of all procedures or policies identified in the preceding interrogatory.

**RESPONSE:**


**INTERROGATORY NO. 13:** Did this Defendant have written procedures or policies regarding cleaning/clearing liquid from common areas?

**ANSWER:**


**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:** Please provide a copy of all procedures or policies identified in the preceding interrogatory.

**RESPONSE:**


**INTERROGATORY NO. 14:** Did Defendants have written procedures or policies regarding removal of spills in the common areas of its stores as of June 24, 2014, specifically, the store at issue in this case?

**ANSWER:**


**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:** Please provide a copy of all procedures or policies identified in the preceding interrogatory.

**RESPONSE:**


## REQUEST FOR ADMISSIONS

6

**REQUEST FOR ADMISSION NO. 1:**  Admit that Defendant Walmart owned, controlled, leased, and/or managed the property located at 2400 Harding Highway, Lima, Ohio, on June 24, 2014.

**RESPONSE:**

**INTERROGATORY NO. 15:**  If the response to the preceding Request for Admission is anything other than an unqualified admission, please explain the basis for that denial or qualification.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 2:**  Admit that Defendant Walmart is solely liable for causing the June 24, 2014 incident.

**RESPONSE:**

**INTERROGATORY NO. 16:**  If the response to the preceding Request for Admission is anything other than an unqualified admission, please explain the basis for that denial or qualification.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 3:**  Admit that Plaintiff Mary Holly was not negligent in the June 24, 2014 occurrence.

**RESPONSE:**

**INTERROGATORY NO. 17:**  If the response to the preceding Request for Admission is anything other than an unqualified admission, please explain the basis for that denial or qualification.

**ANSWER:**

7

Respectfully submitted,

**GALLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.**

By: _____
Drew R. Masse´
Aaron L. Kovacs
Attorneys for Plaintiffs

8

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS DIRECTED TO DEFENDANT WALMART CORPORATE OFFICE

Now come Plaintiffs, by and through counsel, Drew R. Masse´, Esq., Aaron L. Kovacs, Esq., and Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A., and pursuant to Ohio Civil Rules 26, 33, 34, and 36, Plaintiffs respectfully request that Defendant Walmart Corporate Office (hereinafter referred to as "Walmart") respond to the following interrogatories, requests for production of documents, and requests for admissions within 28 days of service.

The following definitions apply to each of the following Interrogatories and Requests:

"Document" – Refers to any written, recorded, or graphic matter, however produced or reproduced, including, but not limited to, correspondence, telegrams, written communications, accident or investigative reports, contracts, agreements, notes, memoranda, reports, analyses, studies, work papers, diaries, daily records, calendars, lists, photographs, films, recording tapes, catalogs, or anything else reduced to a tangible medium.

"Identify or identity" – When used in reference to a document (as defined above), means to state and date and author, the general nature, and the type of document, and/or some other means of identifying the document, and the present location and custodian of the document. When used in reference to a person (as defined below), means the person's full name, address, and telephone number, along with their present business position and business address.

"Person or persons" – Means any individual, corporation, company, partnership, association, agency, governmental unit (whether federal, foreign, state, county, or local) or any other entity.

REGARDING THE INTERROGATORIES, after the answer to each of the following Interrogatories, identify separately, in a manner suitable for use as a description in a subpoena, all sources (whether documentary, human, or otherwise) and all records maintained by the Defendant and/or any other person or organization on which the Defendant relies in answering these Interrogatories, and/or any other information which pertains to or relates to the information called for in the Interrogatories.

Responses to one Interrogatory or part of an Interrogatory may be incorporated by reference in response to other Interrogatories or parts of Interrogatories.

If Defendant is unable to complete any response to these Interrogatories with the provided space, then the Defendant should continue their response on a blank page and append the continuation to these Interrogatories.

In lieu of identifying particular documents, Defendant may attach the documents to their responses to these Interrogatories.

REGARDING THE REQUESTS FOR PRODUCTION OF DOCUMENTS, please produce the certified copies of documents which Plaintiff request and that are in the possession and/or custody, and/or control of Defendant and/or Defendant's counsel for copying and/or inspection.

Receipt of the requested information on or before the date specified will constitute compliance with this request.

Reference to "you" or "your" in these Interrogatories and Requests refer to all defendants where appropriate and to only the driver of Defendant's vehicle, where appropriate.

These Interrogatories and Requests are continuing in nature, requiring the Defendant to file supplementary responses before trial.

**INTERROGATORY NO. 1:**  Please identify the full name, address, date of birth, and relationship to the Defendants for any person who responded to or provided information for these interrogatories.

**ANSWER:**


**INTERROGATORY NO. 2:**  Please acknowledge that Defendant Walmart owned, leased, controlled, operated, or managed a property located at 2400 Harding Highway, Lima, Ohio on June 24, 2014.

**ANSWER:**


**INTERROGATORY NO. 3:**  Please state the full name, address, and telephone number of each person and/or Walmart employee who, to your knowledge or that of your agents or attorneys, was present at the scene of the occurrence on June 24, 2014, either immediately before, and/or after, and/or during the occurrence.

**ANSWER:**


**INTERROGATORY NO. 4:**  Have you or any person acting on your behalf obtained any written or recorded statement from any person concerning the occurrence on June 24, 2014? If so, please state:

    a.  The identity of the person who gave the written or recorded statement;
    b.  The identity of the person who took the written or recorded statement;
    c.  The date on which it was taken;
    d.  Whether the statement was recorded or written;
    e.  Whether the statement was signed; and,
    f.  The present location of the statement, recording, or transcript.

**ANSWER:**

2

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:** Please attach a copy of any statement referred to in the preceding interrogatory, and if you object to providing such statement, please state the basis of your objection.

**RESPONSE:**

**INTERROGATORY NO. 5:** Please state whether you, your agents, and/or attorneys possess or know of any photographs and/or video recordings depicting the occurrence itself on June 24, 2014, the scene of the occurrence, injuries of any party, or any other photograph and/or video depicting the subject of this claim. If so, please describe the nature of such photograph and/or video, state the date and/or dates upon which the photographs and/or videos were taken, subjects thereof, and names and addresses of the person(s) in possession of either a print or a negative of the photographs and/or video.

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:** Please provide color copies of all photographs and/or videos referred to in the preceding interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 6:** Please state whether you, your agents, and/or attorneys possess or know of any video recordings depicting the occurrence itself on June 24, 2014, the scene of the occurrence, injuries of any party, or any other depicting the subject of this claim. If so, please describe the nature of such video, state the date and/or dates upon which the videos were taken, subjects thereof, and names and addresses of the person(s) in possession of any video.

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:** Please provide a copy of any videos referred to in the preceding interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 7:**  Have you or anyone on your behalf taken any movies, videos, photographs, or other pictures of Plaintiff Mary Holly since the June 24, 2014 occurrence?  If so, please state the following:

    a. The date(s) upon which such movies, videos, photographs, or other pictures were taken;
    b. The name and address of the person(s) taking such movies, photographs, or other pictures;
    c. The time of day when said movies, videos, photographs or other pictures were taken; and,
    d. A detailed description of the insured's activities at the time said movies, videos, photographs, or other pictures were taken.

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**  If movies, videos, photographs, or other pictures of Plaintiff Mary Holly have been taken since the date of the occurrence, please attach color copies of them to your answers to these interrogatories.

**RESPONSE:**

**INTERROGATORY NO. 8:**  Was there an investigation conducted other than by a police officer in his official capacity concerning the occurrence on June 24, 2014? If so, please state:

    a. The full name, address, and complete occupation of the person conducting such investigation;
    b. The date on which such investigation was conducted; and,
    c. The name and address of each person having present custody of any report or statement concerning such investigation.

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**  Please provide copies of all investigations referred to in the preceding interrogatory.

**RESPONSE:**

4

**INTERROGATORY NO. 9:**  Please state the names and addresses of each and every person whom you will, or may, call as a witness at trial, briefly summarizing what you expect his or her testimony to be.

**ANSWER:**

**INTERROGATORY NO. 10:**  If you contend that Plaintiff Mary Holly was negligent or comparatively negligent with respect to her own injuries, please state the following:

    a.  All facts known to you, your attorneys, or agents which support or corroborate such contentions;

    b.  The identity of each person who claims to know the contentions; and,

    c.  The identity of any custodian of any writing or report which supports these contentions.

**ANSWER:**

**INTERROGATORY NO. 11:**  Please provide the names of all insurance companies with whom you possessed a policy of insurance under which you were insured on June 24, 2014, including but not limited to:

    a.  Umbrella insurance;

    b.  Business insurance; or,

    c.  Excess insurance.

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**  Please provide a copy of the policies identified in the preceding interrogatory, and include all applicable declaration pages and all valid endorsements in effect at the time of the occurrence.

**RESPONSE:**

**INTERROGATORY NO. 12:**  Did this Defendant have written procedures or policies regarding inspection of the common areas of its stores as of June 24, 2014, specifically, the store at issue in this case?

5

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**  Please provide a copy of all procedures or policies identified in the preceding interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 13:**  Did this Defendant have written procedures or policies regarding cleaning/clearing liquid from common areas?

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**  Please provide a copy of all procedures or policies identified in the preceding interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 14:**  Did Defendants have written procedures or policies regarding removal of spills in the common areas of its stores as of June 24, 2014, specifically, the store at issue in this case?

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**  Please provide a copy of all procedures or policies identified in the preceding interrogatory.

**RESPONSE:**

## REQUEST FOR ADMISSIONS

6

**REQUEST FOR ADMISSION NO. 1:** Admit that Defendant Walmart owned, controlled, leased, and/or managed the property located at 2400 Harding Highway, Lima, Ohio, on June 24, 2014.

**RESPONSE:**


**INTERROGATORY NO. 15:** If the response to the preceding Request for Admission is anything other than an unqualified admission, please explain the basis for that denial or qualification.

**ANSWER:**


**REQUEST FOR ADMISSION NO. 2:** Admit that Defendant Walmart is solely liable for causing the June 24, 2014 incident.

**RESPONSE:**


**INTERROGATORY NO. 16:** If the response to the preceding Request for Admission is anything other than an unqualified admission, please explain the basis for that denial or qualification.

**ANSWER:**


**REQUEST FOR ADMISSION NO. 3:** Admit that Plaintiff Mary Holly was not negligent in the June 24, 2014 occurrence.

**RESPONSE:**


**INTERROGATORY NO. 17:** If the response to the preceding Request for Admission is anything other than an unqualified admission, please explain the basis for that denial or qualification.

**ANSWER:**


**REQUEST FOR ADMISSION NO. 4:** Admit that service was properly perfected to Walmart.

7

**RESPONSE:**

**INTERROGATORY NO. 18:**  If the response to the preceding Request for Admission is anything other than an unqualified admission, please explain the basis for that denial or qualification.

**ANSWER:**

Respectfully submitted,

**GALLON, TAKACS, BOISSONEAULT & SCHAFFER CO., L.P.A.**

By: _____
      Drew R. Masse´
      Aaron L. Kovacs
      Attorneys for Plaintiffs

8

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CV 2015 0735
WALMART CORPORATE OFFICE
702 SW 8TH ST
BENTONVILLE, AR 72716

2. Article Number
(Transfer from service label)

7015 1730 0000 8867 9220

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Barbara Thurston_          ☐ Agent
                             ☐ Addressee

B. Received by (Printed Name) Thurston     C. Date of Delivery

DEC 2 8 2015

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● Sender: Please print your name, address, and ZIP+4 in this box ●

Margie Murphy Miller
Allen County Clerk of Courts
PO Box 1243
Lima, Ohio 45802

2015 DEC 31  AM 8:31